UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,
MARC HERBST, DENISE RICHARDSON,
THOMAS F. CORBETT, ANTHONY D'AQUILA,
THOMAS GESUALDI, LOUIS BISIGNANO,    **ORDER**
DOMINICK MARROCCO, ANTHONY PIROZZI,    11-cv-940 (ADS)(WDW)
*as Trustees and Fiduciaries of the Local 282*
*Welfare Trust Fund, the Local 282 Pension Trust*
*Fund, the Local 282 Annuity Trust Fund,*
*the Local 282 Job Training Trust Fund, and the*
*Local 282 Vacation and Sick Leave Trust Fund*,

                              Plaintiffs,


        -vs.-


BD HAULERS INC., NICOLENA TRUCKING
LLC, and FRANK GILLETTE

                              Defendants.
---------------------------------------------------------------X

**APPEARANCES:**
**Cohen, Weiss and Simon LLP**
*Attorney for the Plaintiffs*
330 West 42nd Street
New York, NY 10036
       By:    Joseph J. Vitale, Esq.
                  Michael Seth Adler, Esq., of Counsel

**NO APPEARANCE:**
BD Haulers Inc.
Nicolena Trucking LLC
Frank Gillette

**SPATT, District Judge.**

       The Plaintiffs commenced this action on or about February 25, 2011, asserting claims against the Defendants for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145. On January 26, 2012, the Court referred the matter to United States

Magistrate Judge William D. Wall for a recommendation as to whether the motion for a default judgment should be granted, and if so, to determine what relief is appropriate, including reasonable attorney's fees and costs.  On January 31, 2012, Judge Wall issued a thorough Report recommending that the Court: (1) grant judgment against BD Haulers Inc. and Frank Gillette, jointly and severally, in the total amount of $165,503.81 for unpaid contributions, interest, liquidated damages, attorney's fees and costs, plus daily interest and liquidated damages, each at the rate of $43.27 per day totaling $86.54 per day, commencing July 22, 2011; (2) order BD Haulers Inc. to submit to audit for the period from July 15, 2008 through the audit date and, together with Gillette, pay any delinquencies identified by the audit plus attendant damages, to be applied for separately after the audit; (3) grant judgment against Nicolena Trucking LLC in the total amount of $14,863.24 for unpaid contributions, interest, liquidated damages, attorney's fees and costs, plus additional daily interest and liquidated damages, each at the rate of $2.43 per day, totaling $4.86 per day, commencing July 22, 2011; and (4) order Nicolena Trucking LLC to submit to audit for the period from January 30, 2009 through the audit date and to pay any delinquencies identified by the audit plus attendant damages, to be applied for separately after the audit.  In addition, Judge Wall recommended that the audit fees sought by the Plaintiffs not be awarded.  To date, no objection has been filed to Judge Wall's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed

Judge Wall's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Wall's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Wall's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against the Defendants in the amounts recommended by Judge Wall and set forth above; and it is further

**ORDERED** that the Defendants are directed to permit an audit of their books and records within 30 days of the date this order is entered; and it is further;

**ORDERED** that should the audits be conducted and reveal additional contributions owed, the Plaintiffs may supplement their demands by application to this Court. The Plaintiffs are given sixty days from the date this order is entered to inform the Court whether or not they will be seeking supplemental damages.

**SO ORDERED.**

Dated: Central Islip, New York
February 23, 2012

                                                ____*/s/ Arthur D. Spatt*_____
                                                   ARTHUR D. SPATT
                                            United States District Judge