UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, THOMAS F. CORBETT, ANTHONY
D'AQUILA, THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY PIROZZI, as Trustees
and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local
282 Job Training Trust Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

                           Plaintiffs,

      -against-

BD HAULERS INC., NICOLENA TRUCKING LLC, and FRANK
GILLETTE,

                           Defendants.
----------------------------------------------------------------------x

**Memorandum of Decision & Order**
11-cv-940 (ADS)

## APPEARANCES:

**Trivella & Forte, LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Ave., Suite 170
White Plains, NY 10605
      By:    Jonathan M. Bardavid, Esq., Of Counsel

**Russo Scamardella & D'Amato**
*Attorneys for the Defendant Frank Gillette*
1010 Forest Avenue
Staten Island, NY 10310
      By:    Michael V. Gervasi, Esq., Of Counsel

## NO APPEARANCES:

**BD Haulers, Inc.**
*Defendant*

**Nicolena Trucking, LLC**
*Defendant*

SPATT, District Judge:

## I. BACKGROUND

On February 25, 2011, the Plaintiffs Joseph A. Ferrara, Sr.; Frank H. Finkel; Marc Herbst; Denise Richardson; Thomas F. Corbett; Anthony D'Aquila; Thomas Gesualdi; Louis Bisignano; Dominick Marrocco; and Anthony Pirozzi, as the Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Trustees"), commenced this action under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that the Defendants BD Haulers, Inc. ("BD Haulers"); Nicolena Trucking, LLC ("Nicolena"); and their common principal, namely, Frank Gillette ("Gillette," together with BD Haulers and Nicolena, the "Defendants"), failed to remit certain fringe benefit contributions to the Trustees' funds, as they were required to do under the terms of collective bargaining agreements.

After the Defendants failed to answer or otherwise appear in this action, on July 18, 2011, the Clerk of the Court noted their default.

On August 8, 2011, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 55, the Plaintiff filed a motion for entry of a default judgment.

On January 26, 2012, the Court referred the motion for a default judgment to United States Magistrate Judge William D. Wall for a report and recommendation.

On January 31, 2012, Magistrate Judge Wall issued a Report and Recommendation ("R&R"), recommending that the Plaintiffs' motion for a default judgment be granted; that monetary damages be awarded, jointly and severally, against Gillette and BD Haulers, in the amount of $165,503.81, plus *per diem* interest at a rate of $86.54; that monetary damages be awarded against Nicolena in the amount of $14,863.24, plus *per diem* interest at a rate of $4.86; and that the Defendants be directed to submit to an audit.

2

On February 23, 2012, no objections to the R&R having been filed, the Court adopted Magistrate Judge Wall's recommendations in their entirety.

On February 24, 2012, the Clerk of the Court entered judgment against the Defendants and closed the case.

On January 31, 2015, in an effort to assess the Defendants' capacity to satisfy the judgment, the Plaintiffs served the individual Defendant Gillette with a subpoena, directing him to appear for a deposition and to bring with him numerous categories of potentially relevant documents. In particular, the subpoena called for the production of: (1) tax returns filed by the Defendants; (2) bank and financial statements relating to accounts held by the Defendants; and (3) documents reflecting payments made to or from the Defendants.

On April 27, 2015, despite not previously appearing in this action, Gillette, by counsel, served written responses to the Plaintiffs' document requests. In these responses, Gillette denied possessing any responsive documents other than a copy of his 2013 tax return.

On April 29, 2015, Gillette attended the subpoenaed deposition with his counsel, namely, Anthony Cambria, Esq. Based on Gillette's testimony at the deposition regarding his assets and financial condition, counsel for the Plaintiffs made several requests for outstanding documents, including: (1) two years of bank statements relating to a Chase checking account previously owned by Gillette; (2) tax returns filed by Gillette for the years 2009, 2010, 2011, and 2012; (3) a form W-2 for the $7,953 in income reflected on Gillette's 2013 tax return; and (4) twelve months of credit card statements relating to a Credit One account owned by Gillette (collectively, the "Outstanding Documents").

Approximately seven months later, on November 3, 2015, still not having received the Outstanding Documents, the Plaintiffs sent a letter to Mr. Cambria, in which they issued a final demand for production.

On February 2, 2016, Mr. Cambria sent the Plaintiffs a brief letter in response, stating only that he no longer represents Gillette in this matter.

On May 6, 2016, the Plaintiffs filed a motion, pursuant to FED. R. CIV. P. 45(g) and Local Civil Rule 83.6, seeking to hold Gillette in civil contempt for failing to comply with their subpoena. In this regard, the Plaintiffs seek to impose a financial penalty against Gillette, as well as recover the attorneys' fees and costs they incurred in attempting to enforce the judgment in this case. Alternatively, the Plaintiffs move under FED. R. CIV. P. 69(a) to compel Gillette to produce the Outstanding Documents.

To date, none of the Defendants has responded to the Plaintiffs' motion.

## II. DISCUSSION

### A. A Civil Contempt Order is Not Warranted

In general, "'a valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court.'" *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09-cv-121, 2016 U.S. Dist. LEXIS 69799, at *24 (E.D.N.Y. May 27, 2016) (quoting *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)); *see Beare v. Millington*, No. 07-cv-3391, 2010 U.S. LEXIS 2501, at *7 (E.D.N.Y. Jan. 13, 2010) ("Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served" (citation omitted)).

Thus, FED. R. CIV. P. 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See Jalayer v. Stigliano*, No. 10-cv-2285, 2016 U.S. Dist. LEXIS 135288, at *7-*8 (E.D.N.Y. Sept. 29, 2016) (noting that Rule 45(g) is "[t]he authority in the Federal Rules of Civil Procedure for the imposition of sanctions . . . for failure to comply with a subpoena" and observing that "[t]he Court has the

power under this rule to impose contempt simply on the basis of failure to comply with a subpoena" (citation and quotation marks omitted)).

Civil contempt is appropriate where "(1) there is a 'clear and unambiguous' order, (2) the proof of non-compliance with the order is 'clear and convincing,' and (3) 'the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered.' " *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-cv-2507, 2010 U.S. Dist. LEXIS 65978, at *4 (E.D.N.Y. Apr. 21, 2010) (Report and Recommendation) (quoting *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 119 (E.D.N.Y. 2008)), *adopted*, 2010 U.S. Dist. LEXIS 55988 (E.D.N.Y. June 7, 2010).

In this regard, " '[c]ivil sanctions have two purposes: to coerce compliance with a court order and to compensate a plaintiff.' " *Gesualdi v. Hardin Constr. Inc.*, No. 09-cv-683, 2016 U.S. Dist. LEXIS 60533, at *5 (E.D.N.Y. May 6, 2016) (quoting *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 101 (2d Cir. 2016)).

Applying these standards, the Court finds that a civil contempt order against Gillette is not warranted at this time.

It is noted that, although the February 23, 2012 subpoena was a legal instrument implicitly carrying an enforceable mandate of the Court, there is no clear and convincing evidence that Gillette failed to substantially comply with it. On the contrary, Gillette served written responses to the Plaintiffs' document requests, including a copy of his 2013 tax return, and appeared for a deposition at which he answered the questions put to him by the Plaintiffs' counsel regarding his ability to satisfy a judgment in this case.

Apparently, Gillette's answers to certain of these questions caused counsel for the Plaintiffs to place additional and/or renewed document requests on the record. However, while certain of these requests arguably fit within categories of documents outlined in the subpoena, the Court is not persuaded that counsel's oral requests constitute "clear and unambiguous" orders, with which

5

Gillette was bound to comply at the risk of being found in contempt of Court. In the Court's view, the same is true of counsel's February 2, 2016 letter to Mr. Cambria, in which a "final" written request for the Outstanding Documents was made.

Indeed, neither of these correspondences was followed-up with an appropriate motion to compel before the Plaintiffs sought a civil contempt order.

Accordingly, to the extent that the Plaintiffs seek a civil contempt order imposing a financial penalty against Gillette, together with an award of attorneys' fees and costs, their motion is denied.

B. **Gillette is Required to Produce the Outstanding Documents or Risk Being Held in Contempt in the Future**

Despite the Court's opinion that a civil contempt order is unjustified at this juncture, Gillette is nevertheless required to promptly produce the Outstanding Documents. His continued failure to diligently comply with post-judgment discovery may result in sanctions at a later date.

In this Circuit, "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). The scope of such discovery – which is governed by FED. R. CIV. P. 69 – "is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.*; *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, No. 88-cv-3039, 1993 U.S. Dist. LEXIS 1929, at *3-*4 (E.D.N.Y. Feb. 23, 1993) (noting that the scope of post-judgment discovery is broad and that "a plaintiff is entitled to a very thorough examination of a judgment debtor with respect to its assets" (quotation marks and citation omitted)).

Where, as here, the Defendant has not lodged any objection to the Plaintiffs' post-judgment discovery demands, "it has 'waived any objections [it] might otherwise have raised.'" *La Barbera v. Bestech Tranps., LLC*, No. 07-cv-4699, 2012 U.S. Dist. LEXIS 21532, at *2 (E.D.N.Y. Feb. 21, 2012) (quoting *Gibbons v. Smith*, No. 01-cv-1224, 2010 U.S. Dist. LEXIS 13938, at *8 (S.D.N.Y. Feb. 11, 2010)).

In any event, the Court has reviewed the transcript of Gillette's deposition and finds that the requested documents are relevant to the Plaintiffs' collection efforts and well within the realm of discoverable post-judgment material.

Accordingly, to the extent that the Plaintiffs seek an order compelling Gillette to produce the Outstanding Documents, their motion is granted. Gillette is directed to produce the Outstanding Documents within 20 days of being served with this Order. Upon anything less than full compliance, the Court will consider a renewed motion by the Plaintiff to find Gillette in contempt of Court and to impose appropriate monetary sanctions, including payment of the Plaintiff's post-judgment attorneys' fees and costs.

### III. CONCLUSION

Based on the foregoing, the Plaintiffs' motion is granted to the extent it seeks to compel the production of the Outstanding Documents and is denied in all other requests.

Gillette is warned that if he fails to comply with this order, he could be subject to contempt proceedings for failure to respond to the post-judgment discovery requests and this order. If he is found to be in contempt of the discovery requests or this order, he could be subject to sanctions, including imposition of a monetary fine, attorneys' fees, and costs. If the failure to comply continues, the Court could issue a warrant of arrest for failure to comply with a court order.

In addition to service on Gillette's counsel via ECF, the Plaintiffs are directed to serve a copy of this order by certified mail, return receipt requested, upon Gillette at his last known address.

It is **SO ORDERED:**

Dated: Central Islip, New York
November 12, 2016      */s/ Arthur D. Spatt*_____
                                ARTHUR D. SPATT
                                United States District Judge