FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 22 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH A. FERRARA, SR., et al.,

        Plaintiffs,

    -against-

BD HAULERS INC., et al.,

        Defendants.
------------------------------------------------------------X

ORDER
11-CV-0940 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On February 22, 2018, plaintiffs moved for an Order finding *pro se* defendant Frank Gillette in contempt. (Dkt. Nos. 39-41.) By Order dated February 24, 2018, Judge Arthur D. Spatt[1] referred the matter for a recommendation regarding whether plaintiffs' motion for contempt should be granted, and if so, what relief should be awarded. (Dkt. No. 42.)

Presently before the Court is a Report and Recommendation from Magistrate Judge Arlene R. Lindsay ("R&R," Dkt. No. 44), certifying facts giving rise to Gillette's contempt and recommending that the Court issue an order requiring Gillette to appear before the Court on a date certain to show cause as to why he should not be adjudged in contempt for failure to comply with the November 12, 2016, December 16, 2016, and October 23, 2017 Orders issued by Judge Spatt. The R&R also recommends that plaintiffs be awarded sanctions in the amount of $5,557.25 in attorney's fees and $1,704.23 in costs. (R&R at 6.) The R&R was personally served on Gillette on May 2, 2018. (Dkt. No. 45.) The R&R instructed that any objections be submitted within fourteen (14) days. (R&R at 6-7.) The date for filing any objections has thus expired, and no party has filed any objection to the R&R.

---

[1] By Order dated May 30, 2018, Judge Spatt recused himself from the case. (Dkt. No. 46.) The case was reassigned to the undersigned that same day.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the R&R's findings and recommendation Court issue an order requiring Gillette to show cause as to why he should not be held in civil contempt. The Court, however, defers ruling on any request for sanctions until Gillette has an opportunity to be heard with respect to the civil contempt.

**Accordingly, IT IS HEREBY ORDERED that Gillette shall appear before this Court on Monday, September 24, 2018, at 4:30 p.m. to show cause as to why he should not be adjudged in contempt of the November 12, 2016, December 16, 2016, and October 23,**

2017 Orders issued by Judge Spatt, by reason of the certified facts set forth in Judge Lindsay's R&R. **Gillette is warned that failure to respond to this Order may result in the imposition of sanctions against him, including contempt of court.**

IT IS FURTHER ORDERED that plaintiffs shall personally serve a copy of this Order on Gillette and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED,

S/ Joseph F. Bianco
_____
Joseph F. Bianco
United States District Judge

Dated: August 22, 2018
Central Islip, New York